**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, and the PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 2:22-cv-51 |
| v. | ) ) ) COMPLAINT |
| WEST PENN POWER COMPANY, | ) ) |
| Defendant. | ) ) ) |

The United States of America ("United States"), by authority of the Attorney General of the United States and on behalf of the United States Environmental Protection Agency ("EPA"), and the Commonwealth of Pennsylvania, Department of Environmental Protection ("Department") (collectively, "Plaintiffs"), file this Complaint and allege as follows:

## INTRODUCTION

1.      This is a civil action brought pursuant to Sections 309(b) and (d) of the Federal Water Pollution Control Act (the "Act"), 33 U.S.C. §§ 1319(b) and (d), and Sections 601 and 605 of the Pennsylvania Clean Streams Law (the "PCSL"), 35 P.S. §§ 691.601 and 691.605. Plaintiffs allege that Defendant West Penn Power Company has violated the conditions and limitations of National Pollutant Discharge Elimination System ("NPDES") permits issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, and Section 307 of the PCSL, 35 P.S. §§ 691.307.

2.      Plaintiffs seek permanent injunctive relief and civil penalties against Defendant to

address its illegal discharges of pollutants pursuant to Sections 309(b) and (d) of the Act, 33

U.S.C. §§ 1319(b) and (d), and Sections 601 and 605 of the PCSL, 35 P.S. §§ 691.601 and

691.605.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action under Section

309(b) of the Act, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355 and 1367.

4.     This Court has supplemental jurisdiction over the Department's state law claims

alleged herein pursuant to 28 U.S.C. § 1367(a) because the state claims are so related to the

federal claims as to form part of the same case or controversy.

5.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C.

§§ 1391(b) and (c) and 1395(a), as well as Section 309(b) of the Act, 33 U.S.C. § 1319(b),

because it is the judicial district in which Defendant is doing business and in which the violations

alleged in the Complaint occurred.

6.     As signatory to this Complaint, the Department has notice of this action as

required by Section 309(b) of the Act, 33 U.S.C. § 1319(b).

## DEFENDANT

7.     West Penn Power Company is a Pennsylvania corporation with an office address

of 800 Cabin Hill Drive, Greensburg, Westmoreland County, PA 15601.

## STATUTORY AND REGULATORY REQUIREMENTS

### Clean Water Act

8.     Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the "discharge of any

pollutant by any person" to waters of the United States, except, *inter alia*, in compliance with an

NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

9.      Section 502(12) of the  Act, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

10.      Section 502(6) of the Act, 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, chemical and industrial waste.

11.      Section 502(7) of the Act, 33 U.S.C. § 1362(7), defines "navigable waters" to mean "the waters of the United States, including the territorial seas."

12.      "Waters of the United States" has been defined to include, *inter alia*, "[a]ll waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce . . . ."  *See, e.g.*, 40 C.F.R. § 122.2 (1993); 40 C.F.R. § 120.2 (2020).

13.      Section 502(14) of the Act, 33 U.S.C. § 1362(14), defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, [or] conduit . . . from which pollutants are or may be discharged."

14.      Section 402 of the Act, 33 U.S.C. § 1342, provides that the permit-issuing authority may issue an NPDES permit that authorizes the discharge of a pollutant to waters of the United States, upon the condition that such discharge will meet all applicable requirements of the Act and such other conditions as the permitting authority determines necessary to carry out the provisions of the Act.

15.      Section 402(a)(2) of the Act directs the Administrator of the EPA to prescribe conditions and limitations, including effluent limitations, for NPDES permits to assure compliance with the requirements of the Act.  33 U.S.C. § 1342(a)(2); *see also* 33 U.S.C. § 1311.

3

Effluent limitations, as defined in Section 502(11) of the Act, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents which are discharged from point sources.

16.     Section 303(a) of the Act, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water.  When technology-based effluent limitations are insufficient to keep receiving waters within those standards and criteria, or are not applicable, the NPDES permit must include stricter water quality based effluent limitations that reflect water quality standards and criteria.  33 U.S.C. § 1311(b)(1)(C); *see also* 25 Pa. Code Chapter 93 (Pennsylvania water quality standards).

17.     Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator of the EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

18.     Section 309(d) of the Act, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or limitation implementing that section in a permit issued by either EPA or a state under Section 402 of the Act, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $25,000 per day for each violation, as adjusted over time.

19.     Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996 and the Federal Civil Penalties Inflation

4

Adjustment Act Improvements Act of 2015, 28 U.S.C. § 2461 note: Pub. L.114-74, § 701, 129

Stat. 584, statutory penalties for the Act have been adjusted for inflation as set forth in 40 C.F.R.

§ 19.4.  As adjusted for inflation, the relevant maximum civil penalties under Section 309(d) of

the Act are: $37,500 per day per violation for violations that occurred before November 2, 2015;

$56,460 per day per violation for violations that occurred after November 2, 2015.

20.     The United States Attorney General and the Department of Justice have authority

to bring this action on behalf of EPA under Section 506 of the Act, 33 U.S.C. § 1366.

**Pennsylvania Clean Streams Law**

21.     At all relevant times, the Commonwealth of Pennsylvania has been authorized by

EPA pursuant to Section 402 of the Act, 33 U.S.C. § 1342, to administer an NPDES program for

regulating the discharges of pollutants to navigable waters within the jurisdiction of the

Commonwealth.  Pursuant to 25 Pa. Code Chapter 92a, the Department is the agency that

administers the NPDES permit program in Pennsylvania.

22.     Sections 301 and 307 of the PCSL, 35 P.S. §§ 691.301 and 691.307, prohibit the

discharge by any person of any industrial wastes into waters of the Commonwealth of

Pennsylvania, except, *inter alia*, in compliance with applicable water quality standards and

effluent limitations as required by a Pennsylvania NPDES permit issued pursuant to the PCSL

and its implementing regulations.

23.     Section 92a.9 of the regulations adopted by the Pennsylvania Environmental

Quality Board, 25 Pa. Code § 92.a.9, provides that an NPDES permit satisfies the permit

requirement of Section 307 of the PCSL, 35 P.S. § 691.307.

24.     Pursuant to Section 307(c) of the PCSL, a discharge of industrial wastes without a

5

permit or contrary to the terms and conditions of a permit or contrary to PADEP's regulations constitutes a statutory nuisance.  35 P.S. § 691.307(c).

25.    Pursuant to Section 3 of the PCSL, a discharge of industrial wastes or any substance into the waters of the Commonwealth, which constitutes or contributes to pollution or creates a danger of pollution is a public nuisance.  35 P.S. § 691.3.

26.    Pursuant to Section 1 of the PCSL, "pollution" means the contamination of any waters of the Commonwealth that is likely to render such waters harmful, detrimental or injurious to public health, safety or welfare, or to domestic, municipal, commercial, industrial, agricultural, recreational, or other legitimate beneficial uses, or to livestock, wild animals, birds, fish or other aquatic life, including, but not limited to such contamination by the discharge of any substances into such waters.  35 P.S. § 691.1.

27.    Section 601 of the PCSL, 35 P.S. § 691.601, provides in pertinent part: "Any activity or condition declared by this act to be a nuisance or which is otherwise in violation of this act, shall be abatable in the manner provided by law or equity for the abatement of public nuisances."

28.    Section 611 of the PCSL, 35 P.S. § 691.611, provides in pertinent part:

It shall be unlawful to fail to comply with any rule or regulation of the department or to fail to comply with any order or permit or license of the department, to violate any of the provisions of this act or rules and regulations adopted hereunder, or any order or permit or license of the department, [or] to cause air or water pollution . . . . Any person or municipality engaging in such conduct shall be subject to the provisions of Sections 601, 602 and 605.

29.    Section 605 of the PCSL, 35 P.S. § 691.605, also provides that any person who violates any provision of an NPDES permit issued pursuant to the PCSL or its implementing regulations is subject to a civil penalty of up to $10,000 per day for each violation.

## GENERAL ALLEGATIONS

30.     Defendant is a "person" within the meaning of Section 502(5) of the Act,

33 U.S.C. § 1362(5).

31.     Defendant owns or operates two coal ash landfills: the Mingo Landfill, associated

with the retired, coal-fired Mitchell Power Plant in Union Township, Washington County,

Pennsylvania and the Springdale Landfill, associated with the retired coal-fired Springdale

Power Plant in Frazer Township, Allegheny County, Pennsylvania (collectively, the "Landfills").

32.     Defendant obtained NPDES permits from the Department to discharge pollutants

from the Landfills into nearby receiving streams.  The NPDES permits contain effluent

limitations prohibiting discharges of specified pollutants, including boron, in excess of numeric

monthly average limitations.  These limitations reflect water quality based effluent limitations.

33.     Operation of the Landfills involves collection of leachate through underdrain

pipes and conveyance of that leachate to sedimentation ponds, from which effluent is discharged

via a pipe.

34.     The sedimentation pond associated with the Mingo Landfill discharges its effluent

from an outfall pipe ("Outfall 006"), a "point source" within the meaning of 33 U.S.C.

§ 1362(14), to a swale flowing to Peters Creek, a tributary to the Monongahela River, all waters

of the United States and waters of the Commonwealth as those terms are defined under the Act

and the PCSL.

35.     The sedimentation pond associated with the Springdale Landfill discharges its

effluent from an outfall pipe ("Outfall 001"), a "point source" within the meaning of 33 U.S.C.

§ 1362(14) and 25 Pa. Code § 92a.2, to Riddle Run, a tributary to the Allegheny River, all waters

of the United States and waters of the Commonwealth as those terms are defined under the Act and the PCSL.

36.     The effluent wastewater discharged from Outfall 006 at the Mingo Landfill and Outfall 001 at the Springdale Landfill both contain boron, a "pollutant" as that term is defined in Section 502(6) of the Act, 33 U.S.C. § 1362(6), 40 C.F.R. § 122.2, and 25 Pa. Code § 92a.2.

37.     At all times relevant to this Complaint, Defendant discharged wastewater and storm water associated with industrial activity from Outfall 006 at the Mingo Landfill and Outfall 001 at the Springdale Landfill.  These discharges constitute "industrial waste" as that term is defined by Section 1 of the PCSL, 35 P.S. § 691.1, to waters of the Commonwealth.

## FEDERAL AND DEPARTMENT FIRST CLAIM FOR RELIEF
## VIOLATION OF MINGO LANDFILL NPDES PERMIT NO. PA0002895

38.     Paragraphs 1-37 are realleged and incorporated by reference.

39.     During the period relevant to this Complaint, Defendant's NPDES permit for the Mingo Landfill, PA0002895, contained a monthly effluent limitation for boron of 10 milligrams per liter (mg/l) for Outfall 006.

40.     With respect to the Mingo Landfill, Defendant has exceeded its NPDES permit boron monthly effluent limitations on multiple occasions from May 2013 to at least August 2021.

41.     These violations are based on data reported by Defendant in monthly Discharge Monitoring Reports ("DMRs") required by its NPDES permit, which Defendant certified as accurate.

42.     For each exceedance of an effluent limitation, Defendant is in violation of the conditions and limitations of the applicable NPDES permit under Section 402 of the Act,

42 U.S.C. § 1342.

43.    In addition, Defendant's discharges of pollutants in excess of effluent limitations for Outfall 006 contained in NPDES permit PA002895 constitute violations of Section 307 of the PCSL, 35 P.S. §§ 691.307.

44.    Pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), Defendant is subject to civil penalties for each day of violation in the amounts set forth in Paragraph 19, above.

45.    Pursuant to Section 605 of the PCSL, 35 P.S. § 691.605, Defendant is liable for civil penalties of up to $10,000 per day for each such violation.

## SECOND FEDERAL CLAIM FOR RELIEF
## VIOLATION OF SPRINGDALE LANDFILL NPDES PERMIT NO. PA0091740

46.    Paragraphs 1-37 are realleged and incorporated by reference.

47.    During the period relevant to this Complaint, a NPDES permit issued to Defendant in 2006 for the Springdale Landfill, PA0091740, contained a final monthly effluent limitation for boron of 2 mg/l for Outfall 001.

48.    In 2008 Defendant entered into a Consent Order and Agreement ("2008 COA") with the Department that required compliance with the Springdale facility's 2006 NPDES permit's interim monthly effluent limitation for boron of 20 mg/l for three additional years. Defendant withdrew its challenge to the underlying permit, including its final monthly effluent limitation of 2 mg/l for Outfall 001, making 2 mg/l the final federally enforceable permit limitation for boron, subject to other material conditions.

49.    In 2011 Defendant submitted a renewal permit application ("2011 Renewal"), resulting in an administrative extension of the 2006 permit pursuant to 25 Pa. Code § 92a.7

(Duration of permits and continuation of expiring permits).

50.     Defendant has exceeded the final monthly boron effluent limitation of 2 mg/l, set forth in the Springdale Landfill's 2006 NPDES permit, as extended by the 2011 Renewal, on multiple occasions from March 2013 to at least October 2021.

51.     These violations are based on data reported by Defendant in monthly DMRs required by its NPDES permit, which Defendant certified as accurate.

52.     For each exceedance of the final monthly boron effluent limitation in the Springdale Landfill's 2006 NPDES permit, Defendant is in violation of the conditions and limitations of NPDES permit PA0091740 under Section 402 of the Act, 42 U.S.C. § 1342.

53.     Unless enjoined, Defendant's violations will continue.

54.     Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), for each violation under this claim, Defendant is subject to permanent injunctive relief.

55.     Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), Defendant is subject to civil penalties for each day of violation in the amounts set forth in Paragraph 19 above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States of America and the Pennsylvania Department of Environmental Protection, respectfully pray that this Court:

A.     Permanently enjoin Defendant from discharging pollutants except as expressly authorized by the Act, the PCSL, and the limitations and conditions of the applicable NPDES permits;

B.     Order Defendant to take all necessary steps to comply with the Act, the PCSL, and the limitations and conditions of the applicable NPDES permits;

C.    Assess civil penalties against Defendant of $37,500 per day for each violation of

the Act or any applicable NPDES permit that occurred between March 1, 2013 and November 2,

2015; $56,460 per day per violation for violations that occurred after November 2, 2015;

D.    Assess civil penalties against Defendant up to $10,000 per day for each violation

alleged by the Department; and,

E.    Grant such other relief as the Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

  /s/ Andrew W. Ingersoll
ANDREW W. INGERSOLL, Bar No. 325420
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C., 20044-7611
Tel: (202) 514-1999
Fax: (202) 514-2583
Email: Andrew.Ingersoll@usdoj.gov

Respectfully submitted,

FOR THE COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL PROTECTION


 /s/ Melanie B. Seigel
MELANIE B. SEIGEL, Bar No. 315847
Assistant Regional Counsel
Office of the Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222
Tel: 412-442-4262
Fax: 412-442-4274
Email: mseigel@pa.gov